IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANNY RAY ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-cv-0091 |
| ) | |
| DOUG COOK, Warden, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Danny Ray Anderson, a state prisoner incarcerated at the Bledsoe County Correctional Complex in Pikeville, Tennessee, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1) seeking review of his 2008 convictions in the Criminal Court for Davidson County, Tennessee on two counts of felony murder. Before the court is the respondent's motion to dismiss the petition on the grounds that it is barred by the statute of limitations. (ECF No. 16.) For the reasons set forth herein, the court finds that the petition is barred by the statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). The court will grant the motion to dismiss on the basis that the petition is untimely.

**I.  Procedural Background**

Mr. Anderson pleaded guilty on January 31, 2008 to two charges of felony murder and was sentenced to two concurrent sentences of life without the possibility of parole. Other charges for first-degree murder and attempted especially aggravated kidnapping were dismissed. (*See* Petition to Enter Plea of Guilty, ECF No. 18-1, at 12–13; Judgments, ECF No. 18-1, at 17–18.) Mr. Anderson filed motions to withdraw the guilty plea and to substitute counsel five days later, on February 5, 2008. (Motions, ECF No. 18-1, at 19–23.) The court granted the motion for new counsel and, after a hearing conducted on May 9, 2008, entered a lengthy order denying the motion to withdraw the plea on June 26, 2008. (Order, ECF No. 18-1, at 28–54.)

The petitioner pursued a timely appeal, but the Tennessee Court of Criminal Appeals affirmed the denial of the motion to withdraw the guilty pleas. *State v. Anderson*, No. M2008-01740-CCA-R3-CD, 2009 WL 2433016 (Tenn. Ct. Crim. App. Aug. 10, 2009), *perm. to appeal denied* (Tenn. Feb. 1, 2010).

According to the petitioner, he filed a *pro se* petition for post-conviction relief in the Davidson County Criminal Court on April 15, 2010. Counsel was appointed and a hearing was held on January 19, 2011. The court denied the petition on February 2, 2011. (*See* ECF No. 1, at 2.)[1]

According to Mr. Anderson, his post-conviction attorney represented to him that he would file a notice of appeal, but he did not do so, nor did he inform Mr. Anderson that he would not be filing a notice of appeal. When Mr. Anderson discovered that no appeal had been filed, he filed a second *pro se* petition for post-conviction relief in the state trial court on June 29, 2012. (ECF No. 22-1.) The trial court entered an order addressing the second petition on August 22, 2012, noting that

> [t]he petitioner has previously filed a petition for post-conviction relief, through counsel, which was heard and denied by this Court in a written order on February 2, 2011. The petitioner asserts [in his new motion] that he is entitled to due process relief because his retained counsel did not file an appeal of the denial of post-conviction relief. He asserts he did not have contact with his attorney for a lengthy period of time and that he should be entitled to a delayed appeal of the post-conviction denial.

(Order, ECF No. 18-10, at 3.) The court denied the motion, finding specifically that

> the petitioner is not entitled to a delayed appeal through post-conviction relief based upon his counsel's failure to appeal the denial of his post-conviction petition. A petitioner has no right to the effective assistance of counsel in post-conviction proceedings, and the failure of post-conviction counsel to appeal the denial of post-conviction relief is not a due process violation that tolls the statute of limitations. In this case, the petitioner was afforded a full hearing as to his post-conviction relief petition. The Court finds due process does not require the tolling of the limitations period or the granting of a delayed appeal for purposes of post-conviction.

(*Id.* (internal quotation marks and citations omitted).) It does not appear that the petitioner appealed the denial of his request for permission to file a delayed appeal.

Instead, Mr. Anderson filed his petition for the writ of habeas corpus in this court nearly a year later, on August 13, 2013,[2] again arguing that his sentence is illegal under state law and that his plea was not knowing and voluntary because of the ineffectiveness of his attorney.

The court entered an initial order directing the respondent to file an answer, motion, or other response. The respondent has now filed his motion to dismiss the petition on the basis that it is time-barred.

---

[1] The post-conviction petition and order denying it are not in the record supplied to this court, but the parties do not dispute the dates of the filing the initial petition and its denial.

[2] The petition was initially filed in the United States District Court for the Eastern District of Tennessee in August 2013. That court conducted an initial review of the petition and transferred it to this court on January 29, 2015.

**II.     The One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). The limitations period begins to run from the latest of four enumerated events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA also provides that the limitations period is tolled during "[t]he time [that] a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Jurado v. Burt*, 337 F.3d 638, 640 (2003).

In addition, the limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The doctrine of equitable tolling is used sparingly, however, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir.2011) (citation omitted), and is typically applied "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citing omitted).

**III.     Application of the Statute of Limitations to this Case**

The Tennessee Supreme Court denied review of the petitioner's judgment in this case on Feb. 1, 2010. The judgment became final, for federal purposes, upon the expiration of the time for filing a petition for the writ of certiorari in the United States Supreme Court, on Monday, May 3, 2010. *See Gonzalez v. Thaler*, 565 U.S. ----, 132 S. Ct. 641, 653–54 (2012) (confirming that a judgment becomes final when the

time for seeking direct review expires). The one-year limitations period for filing a federal habeas petition under 28 U.S.C. § 2254 ordinarily would have begun running the next day, on May 4, 2010.

The petitioner, however, had filed his state petition for post-conviction relief on April 15, 2010, which tolled the running of the limitations period from the outset. The post-conviction court denied relief on February 2, 2011. The time for filing a notice of appeal under the state rules expired on March 4, 2011, so the limitations period for filing a federal habeas petition began running on March 5, 2011 and expired a year later, on Monday, March 5, 2012.

The petitioner filed his second post-conviction petition after the limitations period had already expired, on June 29, 2012. Although "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation," 28 U.S.C. § 2244(d)(2), this provision has no effect if the limitations period has already expired before the filing of the state collateral petition. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." (citation omitted)).

Thus, the habeas petition filed in this court in August 2013 is plainly barred by the statute of limitations, unless the petitioner can provide some basis for equitable tolling of the statute. But Mr. Anderson does not allege facts or circumstances that might warrant equitable tolling. Citing *Martinez v. Ryan*, 566 U.S. ----, 132 S. Ct. 1309 (2012), he asserts that the ineffective assistance of his post-conviction counsel in failing to file a timely notice of appeal should excuse the default of his claims and permit him to pursue those claims in this court. *Martinez*, however, established only that the ineffective assistance of counsel at *initial-review* post-conviction proceedings may constitute cause to overcome the procedural default of a substantive claim of ineffective assistance of trial counsel. *See Martinez*, 132 S. Ct. at 1315, 1320. *Martinez* did not provide that the ineffective assistance of post-conviction counsel at the appellate stage could provide cause for default. Moreover, the petitioner simply has not shown that he diligently pursued his rights or that extraordinary circumstances prevented him from doing so. Equitable tolling does not apply. The statute of limitations expired in March 2012, more than a year before the

petitioner filed his petition in this court.

## IV. Conclusion

Because it plainly appears from the face of the petition and the documents in the record filed by the respondent that the petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and therefore that the petitioner is not entitled to relief in this court, Rule 4, Rules Gov'g § 2254 Cases, the respondent's motion to dismiss will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Under the standard articulated in *Miller-El*, the court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge